**STATE ex CARR, Relator, v. SAVORD, Judge, etc., Respondent.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21724. Decided January 30, 1950.

VanAken, Whiting & Nash, Cleveland, for relator.
Halle, Haber, Berick & McNulty, Cleveland, for respondent.

(DOYLE, J, of the Ninth District sitting by designation in the Eighth District in place of SKEEL, PJ.)

### OPINION

Per CURIAM:

This cause comes to this court at this time on a motion to quash service upon a petition for peremptory writ of mandamus, the respondent entering his appearance only for this purpose.

The petition alleges in substance that the respondent at all times referred to in the petition was a duly elected, qualified and acting Judge of the Common Pleas Court of Erie County, Ohio, and that he was at all times referred to and still is, for the purposes of this action, a duly assigned, qualified and acting Judge of the Common Pleas Court of Cuyahoga County by reason of his assignment to said Court by Chief Justice Carl V. Weygandt of the Supreme Court of Ohio, in pursuance of the authority vested in him as Chief Justice.

It is claimed by the Relator that a Bill of Exceptions was presented to the trial judge in the case of Mignon S. Carr v. The Yellow Cab Company, being case No. 576753 on the docket of Common Pleas Court of Cuyahoga County, in which the relator was named plaintiff, and that when the case came on for hearing before the respondent as Judge with a jury and said Court, a journal entry for final judgment in favor of the defendant in said action was approved by said Judge and filed with the Clerk of said court for journalization; that within the proper time allowed by law the relator filed a narrative bill of exceptions which was thereafter transmitted to the respondent trial judge for allowance and signature, but that said Judge refused to allow and sign said bill of exceptions for reasons set forth which are not germane to the issue immediately before us.

The record shows that the trial judge was served with summons in Erie County on the petition for mandamus here under consideration and the motion to quash service is made on the ground that the action should have been commenced in Erie County where the trial judge resides and exercises jurisdiction.

The members of this court, upon consideration of the question presented, are of the opinion that an action against a trial judge to compel the settling of a bill of exceptions in a case tried by him, is properly brought in the county in which the case was tried, even though the trial judge is a resident of another county and was sitting in the county where the cause of action arose, by assignment only of the Chief Justice of the Supreme Court of Ohio.

HURD, J, McNAMEE, J, DOYLE, J, concur.